MELVIN B. SMITH AND VELDA A. SMITH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smith v. Commissioner
Docket No. 4217-82.
United States Tax Court
T.C. Memo 1984-509; 1984 Tax Ct. Memo LEXIS 166; 48 T.C.M. (CCH) 1205; T.C.M. (RIA) 84509; September 24, 1984. Melvin B. Smith, pro se. Michael J. O'Brien and LeRoy D. Boyer, *167 for the respondent. WILES MEMORANDUM OPINION WILES, Judge: Respondent determined the following deficiencies in, and additions to, petitioners' Federal income taxes: Addition to Tax
Year
Deficiency
[1] Sec. 6653(a) 1978
$466.08
$23.30
1979
446.08
22.30
After concessions by the parties, the sole issue remaining for decision is whether petitioners are entitled to a foreign tax credit under section 901 for the taxable years in issue. Some of the facts have been stipulated and are found accordingly. Petitioners Melvin B. Smith and Velda A. Smith (hereinafter petitioners) resided in Wichita, Kansas, when they filed their petition in this case. Petitioners timely filed their joint income tax returns for the taxable years 1978 and 1979 with the Internal Revenue Service Center in Austin, Texas. They computed their taxable income on a calendar basis and reported their income and deductions in accordance with the cash method of accounting. During the *168 taxable years 1978 and 1979 petitioners had no foreign source income. They claimed foreign tax credits of $401.08 and $40.56 on their 1978 and 1979 returns, respectively, based upon a carryover of foreign taxes from the taxable year 1976. Respondent determined that petitioners were not entitled to claim a foreign tax credit during the years in issue on the basis that they had no foreign source income in those years. In general, subject to the limitation of section 904, section 901(a) and (b) [2] allows a foreign tax credit for the amount of any creditable taxes paid or accrued during the taxable year to a foreign country or United States possession. *169 The section 904 limitation on which we focus in this case is the following: SEC. 904. LIMITATION ON CREDIT. (a) Limitation.--The total amount of the credit taken under section 901(a) shall not exceed the same proportion of the tax against which such credit is taken which the taxpayer's taxable income from sources without the United States (but not in excess of the taxpayer's entire taxable income) bears to his entire taxable income for the same taxable year. For purposes of the preceding sentence in the case of an individual the entire taxable income shall be reduced by an amount equal to the zero bracket amount. [3] [Emphasis added.] In the present case, petitioners had no income from sources without the United States during 1978 and 1979 and, hence, no taxable income from such sources in those years. See sec. 862(b). Pursuant to section 904(a), therefore, the maximum allowable foreign tax credit for petitioners' 1978 and *170 1979 taxable years is zero. Under the express language of sections 901(a) and (b) and 904(a), the limitation of section 904(a) applies regardless of whether the foreign taxes that give rise to a credit are those that are actually paid or accrued during the taxable year in issue or those that the deemed paid or accrued during the taxable year in issue pursuant to section 904(c) [4] because they arise as a result of carrybacks or carryovers from other taxable years. [5] See (former dissenting opinion of Wilbur, Cir. J., reported at adopted as the majority opinion, upon rehearing); . *171 It is true, as petitioners note, that the underlying purpose of the foreign tax credit provisions is to eliminate double taxation. See ; .Contrary to petitioners' contention, however, Congress did not intend that a taxpayer be allowed a credit against United States tax for all creditable foreign taxes paid. Rather, Congress limited the foreign tax credit through section 904(a) because [i]t is not the purpose of this foreign tax credit allowance to relieve taxpayers from bearing the full United States tax burden attributable to income arising from sources within this country.See H. Rep. No. 350, 67th Cong., 1st Sess. 178 (1921); H. Rep. No. 855, 76th Cong., 1st Sess. 5 (1939). [; footnote omitted.] Petitioners here are requesting that the foreign taxes they paid be used to offset United States tax on United States source income. This is not the purpose of the credit and is specifically prohibited by section 904(a). *172 We hold for respondent on this issue. Due to the parties' concessions, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in issue, unless otherwise indicated.↩
2. SEC. 901. TAXES OF FOREIGN COUNTRIES AND OF POSSESSIONS OF THE UNITED STATES. (a) Allowance of Credit.--If the taxpayer chooses to have the benefits of this subpart, the tax imposed by this chapter shall, subject to the limitation of section 904, be credited with the amounts provided in the applicable paragraph of subsection (b) * * *. (b) Amount Allowed.--Subject to the limitation of section 904, the following amounts shall be allowed as the credit under subsection (a): (1) Citizens and domestic corporations.--In the case of a citizen of the United States and of a domestic corporation, the amount of any income, war profits, and excess profits taxes paid or accrued during the taxable year to any foreign country or to any possession of the United States * * *↩
3. The limitation of section 904(a) may be expressed by means of the following formula: Taxable income from sources without the United States / Entire taxable income X United States tentative tax = Maximum allowable credit.↩
4. Sec. 904(c). Carryback and Carryover of Excess Tax Paid.--Any amount by which all taxes paid or accrued to foreign countries or possessions of the United States for any taxable year for which the taxpayer chooses to have the benefits of this subpart exceed the limitation under subsection (a) shall be deemed taxes paid or accured to foreign countries or possessions of the United States in [certain] * * * preceding * * * [and] succeeding taxable years, * * * to the extent not deemed taxes paid or accrued in a prior taxable year, in the amount by which the limitation under subsection (a) for such preceding or succeeding taxable year exceeds the sum of the taxes paid or accrued to foreign countries or possessions of the United States for such preceding or succeeding taxable year and the amount of the taxes for any taxable year earlier than the current taxable year which shall be deemed to have been paid or accrued in such preceding or subsequent taxable year (whether or not the taxpayer chooses to have the benefits of this subpart with respect to such earlier taxable year). * * * ↩
5. We, therefore, need not analyze the complicated provisions of section 904(c), and accompanying regulations, as petitioners request. We assume, arguendo, that after the application of section 904(c), petitioners had foreign taxes deemed paid or accrued in 1978 and 1979 available for a section 901 credit.↩